IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BAILEY S., <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:20-cv-00785-DBB-CMR <br><br> District Judge David Barlow <br><br> Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 15). Plaintiff, Bailey S., seeks judicial review of the determination of the Acting Commissioner of the Social Security Administration (the Commissioner or Defendant) denying her application for disability benefits. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the materials presented in the written memoranda. *See* DUCivR 7-1(g). After careful consideration of the written briefs, oral argument, the administrative record, and relevant legal authorities, the undersigned RECOMMENDS that the Commissioner's decision be AFFIRMED.

## I.    LEGAL STANDARDS

### A.    Disability Determination

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The analysis evaluates whether:

1. The claimant presently engages in substantial gainful activity;
2. The claimant has a medically determinable severe physical or mental impairment or impairments;
3. The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulations which preclude substantial gainful activity. If the claimant has an impairment which meets or is in equivalent in severity to a listed

      impairment the analysis stops and the claimant is awarded benefits. If not, the ALJ must decide if:

4. The impairment prevents the claimant from performing his past relevant work. If the impairment does not prevent the claimant from performing his past relevant work, the analysis stops and the claimant is denied benefits. If the impairment(s) prevent the claimant from performing his past relevant work the ALJ must decide whether;
5. The claimant possess a residual functional capacity to perform other work in the national economy considering his age, education, and work experience.

*See id.* A claimant's RFC reflects the most the claimant is able to perform physically and mentally in a work setting on a sustained basis despite the limitations from his impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in significant numbers in the national economy. *Id.*

    **B.**     **Standard of Review**

    The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also, e.g.*, *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). This statutory standard of review defers to the presiding Administrative Law Judge (ALJ), "who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019). "[W]hatever the meaning of 'substantial' in other contexts," in the context of judicial review of Social Security decisions, the threshold "is not high." *Id*. at 1154. It is simply "more than a mere scintilla" of evidence. *Id*. (quoting *Consolidated Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Consolidated Edison*, 305 U.S. at 229)); *see also, e.g.*, *Lax*, 489 F.3d at 1080, 1084. In reviewing the ALJ's decision, the court may neither

reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

## II.   BACKGROUND

Plaintiff was 23 years old on her amended disability onset date of November 16, 2011, the date of a car accident where she suffered injuries. She filed applications for disability insurance benefits (DIB) on October 18, 2017, alleging disability due to anxiety, c-spine damage, ligamentous laxity, tachycardia, shoulder injury on left side, emotional distress, post-concussion syndrome, eye twitch, arm and finger numbness in left hand, and thoracic outlet syndrome (Tr. 210-211).

In a decision dated November 22, 2019, the ALJ determined that Plaintiff engaged in substantial gainful activity from her onset date to November 1, 2016 (Tr. 27). The ALJ also noted that in July 2019 she began working full-time as a paralegal (Tr. 28). Notwithstanding, the ALJ found there had been a continuous 12-month period where Plaintiff did not engage in substantial gainful activity and the findings addressed that period (Tr. 27). The ALJ determined at step 2 that Plaintiff had severe impairments of degenerative disc disease, degenerative joint disease, and rib dysfunction (Tr. 28). The ALJ found that Plaintiff's migraines, depression, anxiety, and PTSD were non-severe, finding only mild limitations (Tr. 29-30). At step 3, the ALJ considered Plaintiff's joint disorder under Listing 1.02 and spine disorder under Listing 1.04, finding the criteria were not met (Tr. 30). The ALJ determined at step 4 that Plaintiff had the residual functional capacity (RFC) to perform sedentary work with additional postural limitations including she can "never reach overhead with the non-dominant upper extremity" (Tr. 30-34). Consistent with VE testimony, the ALJ found that Plaintiff was capable of performing past relevant work as a receptionist, supervisor of collections, and supervisor of transcribing clerks (Tr. 34-35). The ALJ

3

therefore concluded that she was not disabled and denied disability benefits (Tr. 36). The Appeals Council then denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

### III. DISCUSSION

Plaintiff argues in her Opening Brief that the ALJ erred in concluding that she is not disabled, but she fails to set forth specific arguments or identify any alleged errors in the ALJ's analysis (ECF 27). In the Reply Brief, Plaintiff appears to challenge the ALJ's RFC finding that Plaintiffs could perform sedentary work and past relevant work and the ALJ's evaluation of the medical opinions of state agency physicians, but she fails to adequately develop these arguments (ECF 33 at 3-4). The scope of the court's review is limited to the issues the claimant "adequately presents on appeal." *See Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996). Moreover, Plaintiff holds the burden of showing that reversal of the Commissioner's decision is warranted. *See Shinseki v. Sanders*, 556 U.S. 396, 409–11 (2009). Plaintiff has not met her burden in her Opening Brief, and Plaintiff cannot remedy this defect by marshaling evidence in her Reply Brief. *See Heaps v. Colvin*, No. 13 CV 598 PJC, 2015 WL 321222, at *8 (N.D. Okla. Jan. 26, 2015) ("In our circuit, . . . a party is too late when an issue is raised or an argument is made for the first time in a reply brief." (citing *Porter v. Colvin*, 535 Fed. App'x 760, 762–63 (10th Cir. 2013))).

While this is sufficient to find waiver of Plaintiff's arguments on appeal, in light of her pro se status, the court will nonetheless consider the merits of Plaintiff's arguments as identified by Defendant in the Response Brief and addressed by Plaintiff in the Reply Brief. In undertaking this analysis, the court is mindful that Plaintiff is acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by

lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id.*, and it "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff," *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

    **A.    The ALJ reasonably determined Plaintiff could perform sedentary work with additional limitations that adequately accounted for her symptoms.**

        1.    <u>The ALJ reasonably found Plaintiff's statements about her symptoms inconsistent with other record evidence.</u>

An ALJ evaluates the extent to which a claimant's symptoms are reasonably consistent with the objective medical evidence and other record evidence. *See* 20 C.F.R. § 404.1529(a). The Commissioner's regulations set forth factors for the ALJ to consider in conducting this analysis. *See* 20 C.F.R § 404.1529; SSR 16-3p, 2017 WL 5180304. Here, after considering all of the record evidence including Plaintiff's testimony and subjective reports regarding her symptoms, the ALJ concluded that her allegations of disabling symptoms were inconsistent with the record as a whole (Tr. 31-33).

The ALJ outlined the medical evidence and explained in detail the legally valid reasons for this determination, including conflicts between the Plaintiff's statements and the medical evidence (Tr. 31-33). *See* 20 C.F.R. § 404.1529(c)(4) (an ALJ considers inconsistencies in the evidence when evaluating symptoms). The ALJ noted that, although Plaintiff said she could not raise her right arm or lift with her left arm, treatment notes indicated she had normal range of motion, strength, muscle, tone and bulk (Tr. 31-32, 634, 672, 679, 964, 970-71, 981-82, 991, 1005, 1490). *See* 20 C.F.R. § 404.1529(c)(4). While Plaintiff said she had 15 migraines per month, treatment notes show that her headaches were treated with medication that was effective in controlling her symptoms (Tr. 28, 631, 968, 975). *See* 20 C.F.R. § 404.1529(c)(3)(iv) (an ALJ

may consider the effectiveness of treatment). Significantly, the ALJ reasoned that Plaintiff was able to maintain skilled and semiskilled work, including work as a paralegal, despite her migraines and other impairments (Tr. 28). *See* 20 C.F.R. § 404.1529(c)(4); *see also* 20 C.F.R. § 404.1571 ("Even if the work you have done [during a period of claimed disability] was not substantial gainful activity, it may show that you are able to do more work than you actually did."); *Shepherd v. Apfel,* 184 F.3d 1196, 1202 (10th Cir. 1999) (evidence a claimant did mechanic work even after the alleged onset of disability supported a finding of nondisability).

This analysis is sufficient under the relevant regulations and provided adequate support for the ALJ's findings. Under the substantial evidence standard, the ALJ's evaluation of Plaintiff's statements about her symptoms is entitled to deference. *See White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002) ("The ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion."). Plaintiff appears to argue that the ALJ should have weighed the evidence differently (Pl. Br. 3). Plaintiff's invitation to re-weigh the evidence is improper on substantial evidence review, and the court declines to do so. *See Lax v. Astrue*, 489 F.3d 1088, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo" (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)); *see also* 42 U.S.C. § 405(g) (stating the Commissioner is the finder of fact); *Richardson v. Perales,* 402 U.S. 389, 399 (1971) ("We . . . are presented with

the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.").

        2.        <u>The ALJ reasonably found the prior administrative medical findings of Dr. Stevens and Dr. Barton moderately persuasive.</u>

Because Plaintiff applied for benefits after March 27, 2017, the ALJ applied a new set of regulations for evaluating medical evidence in which the adjudicator considers the persuasiveness of medical opinion evidence utilizing the factors set forth in the regulations. *See* 20 C.F.R. § 404.1520c(a). While multiple factors are outlined, the ALJ is only required to make findings regarding the supportability and consistency of opinions and prior administrative medical findings with the rest of the record. *See* 20 C.F.R. § 404.1520c(b)(2) (supportability and consistency are the most important factors), 404.1520c(a), (c)(1)-(2).

Here, Dr. Stevens and Dr. Barton concluded Plaintiff could perform light work with limited pushing and/or pulling with her left arm, and limited handling, fingering, and feeling with her left hand (Tr. 34, 234-35, 249). The ALJ explained that he found these conclusions "moderately persuasive" because they were "well supported" by explanations and analysis of the medical records, and "generally consistent" with the overall record (Tr. 19-20). *See* 20 C.F.R. §§ 404.1513(a)(5), 404.1520c (prior administrative medical findings are evaluated based on the same factors considered when evaluating medical source opinions).

However, the ALJ also noted their assessment of no postural limitations was not consistent with Plaintiff's testimony regarding her difficulty performing postural activities due to her rib pain (Tr. 34). Plaintiff's inability to fully use her left arm was also inconsistent with the lifting and carrying requirements of light work (Tr. 34). As a result, the ALJ tempered these conclusions and assessed a more limited RFC for sedentary as opposed to light work (Tr. 34). *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[I]f a medical opinion adverse to

7

the claimant has properly been given substantial weight, the ALJ does not commit reversible error by electing to temper its extremes for the claimant's benefit"). In this way, the ALJ considered statements about Plaintiff's ability to perform the physical demands of work activities from Dr. Stevens and Dr. Barton (Tr. 34), explained how persuasive he found those statements, and addressed their supportability and consistency with other evidence in making his factual findings about Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1513(a)(2) & (5), 404.1520c(b), 404.1546(c).

Accordingly, the ALJ properly evaluated Plaintiff's symptoms and the medical opinions in assessing Plaintiff's RFC and adequately articulated his reasoning consistent with the new regulations, and the ALJ's findings are therefore supported by substantial evidence.

    **B.**    **The ALJ reasonably determined Plaintiff was not disabled at Step Four because she was able to perform past work as a Receptionist, Supervisor of Collections, and Supervisor of Transcribing Clerks.**

At the administrative hearing, Plaintiff testified regarding the requirements of her jobs as an office coordinator and loan processor, and the vocational expert (VE) testified that these jobs would be classified under the Dictionary of Occupational Titles (DOT) as receptionist, supervisor of collections, and supervisor of transcribing clerks (Tr. 35, 50-52, 90-91; *see also* Tr. 431-35). The VE further testified that an individual with Plaintiff's vocational profile could still perform the receptionist job both as actually performed by Plaintiff, and as the job is generally performed in the national economy (Tr. 91-92). She could also perform the collection supervisor job as generally performed, and the transcription supervisor as she actually performed it (Tr. 92). *See* 20 C.F.R. § 404.1560(b)(2) (stating that a vocational expert may offer relevant evidence concerning the demands of the claimant's past relevant work as generally and actually performed and may testify in response to a hypothetical question about whether a person with the

claimant's limitations can meet the demands of the claimant's past relevant work). The ALJ made detailed findings regarding the requirements of these jobs, compared the job requirements to Plaintiff's RFC, and found she could perform her past work and was not disabled under agency regulations (Tr. 35-36). *See* 20 C.F.R. § 404.1520(f) (an individual who can still perform past relevant work will be found not disabled).

In sum, substantial evidence of record supports the ALJ's reasoning throughout the decision, and the undersigned therefore RECOMMENDS that that the Commissioner's decision be AFFIRMED.

## RECOMMENDATION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is RECOMMENDED that the Commissioner's decision be AFFIRMED and that judgment be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

## NOTICE

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of her right to object. Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A failure to object may constitute waiver of objections upon subsequent review.

DATED this 20 July 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah